FILED FOR RECORD
2008 FEB 14 A 11: 04
MELISSIE EVANS
DISTRICT CLERK
COPY

CAUSE NO. 20,820

| | | |
|---|---|---|
| LYNN and KERTRINA SPURLOCK | § § | IN THE DISTRICT COURT OF |
| VS. | § § | TYLER COUNTY, TEXAS |
| COUNTRYWIDE HOME LOANS, INC. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LYNN and KERTRINA SPURLOCK (Plaintiffs herein), who complains of COUNTRYWIDE HOME LOANS, INC. (Defendant herein) and for cause of action would respectfully show the Court the following:

### A. Discovery Control Plan

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### B. Parties

2. Plaintiffs are individuals who reside in Tyler County, Texas.

3. Defendant Countrywide Home Loans, Inc., is a California corporation, licensed to do business in the State of Texas, with its principal place of business in Woodland Hills, California and who may be served with process by serving its registered agent Prentice Hall Corporation System at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

### C. Venue

4. Venue is proper in Tyler County, Texas, under the general venue rule, because all or a substantial portion of the events giving rise to the claim against the

1

Defendant occurred in Tyler County, Texas. Furthermore, each Deed of Trust made the basis of this lawsuit and the real property at issue in this lawsuit is located in Tyler County, Texas.

### D. Facts

5. On or about September 24, 2005 Hurricane Rita struck Southeast Texas. Shortly thereafter, Plaintiffs entered into a forebearance program with Countrywide Home Loans to suspend payments on her note payable to Countrywide Home Loans, Inc. The forebearance agreement was instituted by Countrywide Home Loans with respect to several homes in the Tyler County area that were damaged by Hurricane Rita. Specifically, Countrywide initiated a region wide forebearance program due to the destruction caused by Hurricane Rita. Countrywide specifically represented that a lump sum payment would not be due and payable at the end of the period, no late fees would be charged, negative credit ratings or reports would not be made, and that the payments not made during the forebearance period would simply be paid at the end of the normal term of the loan. Despite these representations, which were made in writing to all Plaintiffs, and verbally to most if not all of the Plaintiffs, Countrywide did the exact opposite of what it had promised. Specifically, Countrywide made negative credit reports on all Plaintiffs credit records noting that the loans were in default. This was done at the same time Countrywide was promising it would not take such an action. At the end of the forebearance period, Countrywide notified Plaintiffs that they would have to make a lump sum payment or they would be in default. The required lump sum payments included late fees and additional penalties despite Countrywide's previous representations otherwise. For the Plaintiffs who could not make the requested lump sum payments, Defendant

2

threatened to foreclose on the Plaintiffs' property. Defendant then foreclosed on the Property. Defendant misrepresented the terms of the forebearance agreement to the detriment of the Plaintiffs.

6. Defendant's actions are not only in violation of the Texas Deceptive Trade Practices Act and a breach of contract, but are patently deceptive. Defendant has refused to honor the terms of the forebearance agreement and Defendant now claims that Plaintiffs were, or presently are, in default, when they all fully complied with the terms of the forebearance agreement.

7. Defendant's actions also constitute a violation of the Texas Business and Commerce Code Section 17.46 (the DTPA). Defendant's actions also constitute unconscionability under Section 17.50(a)(3) of the Texas Business and Commerce Code.

### E. Cause of Action #1 - Breach of Contract

8. Plaintiffs re-allege all of the foregoing paragraphs. The forebearance agreement, is a valid and binding Agreement between Plaintiffs and Defendant, which defines the rights of Plaintiff to suspend their payments on the note during the forebearance period. Plaintiffs have performed all of her obligations under the forebearance agreement. Defendant, in failing to comply with the Agreement by demanding a lump sum payment, charging late fees, and charging penalties and interest, and foreclosing on the Property is in violation of the Agreement. Therefore, Plaintiffs sues Defendant for breach of contract, seeking actual damages, and attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. Furthermore, the required Notices were not timely provided as outlined in the Texas Property Code, and this is a further Breach of Contract by Defendant.

9. As a result of the refusal and failure of the Defendant to perform its contractual obligations, Plaintiffs have been required to retain Jason M. Byrd and Wyatt D. Snider, and Snider & Byrd, L.L.P., to institute and prosecute this action.

### F. Cause of Action #2 - Texas Deceptive Trade Practices - Consumer Protection Act

10. At all times material hereto, Plaintiffs were consumers who entered into a Forebearance Agreement with Defendant, and are consumers in relation to the purchase of their home. The Defendant, is a proper Defendants under the Deceptive Trade Practices act and has violated the Texas Deceptive Trade Practices Act in the following manners:

   a. Representing that services in question had sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that it did not have;

   b. Representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law;

   c. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of the price reductions reflected by the Agreement;

   d. Representing that a guarantee, warranty or agreement confers to or involves rights or remedies that it does not have or involve;

   e. Failing to disclose information about services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

   f. Taking advantage of a disaster declared by the governor under Texas government Code Chapter 418 by demanding an exorbitant or excessive price in connection with the sale or lease of fuel, food, medicine, or another necessity (such as Plaintiff's home); and

   g. Unconscionability.

11. Plaintiffs relied on these misrepresentations by the Defendant to their

4

detriment. Specifically, Defendant represented that no lump sum payment would be required at the end of the forebearance period. The Defendant also represented that no negative credit reports would be made, no late fees would be charged, and that Plaintiffs would not be regarded as in default on their loans. This was false. Defendant has demanded lump sum payments, forced Plaintiffs to enter into unconscionable modification agreements, charged late fees, made negative credit reports and have even attempted to foreclose. These misrepresentations were a producing cause of Plaintiffs' injuries in the form of actual damages, consequential and incidental damages, special damages in the form of loss of value of property, negative credit scoring, payment of late fees, payment of additional attorney's fees, and additional statutory damages.

12. Plaintiffs are also entitled to mental anguish damages and statutory treble damages due to the actions of the Defendant that were made knowingly and intentionally, with the intent that the Plaintiffs rely on the false misrepresentations of the Defendant.

### G. Cause of Action #3 - Reformation

13 Plaintiff hereby sues Defendant for rescission of the foreclosure sale.

14. Plaintiff seeks to rescind the foreclosure sale to comply with Defendant's deferred payment agreement so as not to charge additional interest, penalties and late fees to Plaintiff. The loan agreement must be reformed to take the principal balance owed by Plaintiff to Defendant and amortize it over a longer period so Plaintiff can make similar payment amounts, and not be charged additional interest. The foreclosure sale must therefore be rescinded.

### H. Count # 4 - Unjust Enrichment

15. As a result of Defendant's breach of contract and other unlawful acts, Defendant has been unjustly enriched. Specifically, Defendant has charged late fees and additional interest to which it is not entitled. Defendant has retained the unearned late fees, penalties and interest and has therefore been unjustly enriched.

16. Defendant used its unfair advantage as the largest mortgage lender in the country, and its false representations, to unjustly enrich itself by forcing the Plaintiffs to pay additional penalties, late fees and interest to which it is not entitled. The actions constitute breach of contract, DTPA violations, and fraud and have resulted in an unjust enrichment of the Defendant. Defendant should therefore be disgorged of the amounts it has been unjustly enriched and these amounts should be returned to the Plaintiffs.

### I. Damages

17. Based on the causes of action stated above, Plaintiffs hereby sue Defendant for actual damages, consequential and incidental damages, mental anguish, additional statutory damages under the Texas Deceptive Trade Practices Act, attorney's fees, court costs, pre-judgment interest, post judgment interest, and all other damages that are in a sum that exceeds the minimum jurisdictional levels of this Court.

### J. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendant, COUNTRYWIDE HOME LOANS, INC. be cited to appear and answer herein, and that after a final trial on the merits the Plaintiff recover the following:

1. Actual damages;

2. Consequential and incidental damages;

3. Mental anguish;

4. Additional statutory damages under the Texas Deceptive Trade Practices Act;

5. Attorney's fees;

6. Court costs;

7. Prejudgment and post-judgment interest;

8. Reformation of the Agreement; and

9. All other relief, either at law or in equity, to which Plaintiff may justly be entitled to receive.

Respectfully submitted,

**SNIDER & BYRD, L.L.P.**

By: _____
Jason M. Byrd
State Bar No. 24036303
Wyatt D. Snider
State Bar No. 24039185
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706
(409) 924-9595
(409) 924-0808-FAX
ATTORNEYS FOR PLAINTIFF



# Notice of Service of Process

KUB / ALL
Transmittal Number: 5607097
Date Processed: 02/19/2008

| | |
|---|---|
| Primary Contact: | Karina Buitrago<br>Countrywide Legal Department<br>5220 Las Virgenes Road, AC-11<br>Calabasas, CA 91302 |
| Copy of transmittal only provided to: | Andreia Hacimoto-May |
| Entity: | Countrywide Home Loans, Inc.<br>Entity ID Number 0213055 |
| Entity Served: | Countrywide Home Loans, Inc. |
| Title of Action: | Lynn Spurlock vs. Countrywide Home Loans, Inc. |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Foreclosure |
| Court: | Tyler District Court, Texas |
| Case Number: | 20,820 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 02/19/2008 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Jason M. Byrd<br>409-924-9595 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com